UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
MONIQUE ZORDAN,

       Plaintiff,

               Hon. Analisa Torres
               Case No. 1:17-cv-06121 (AT)

- against -

               Removed from the Supreme Court of the
               State of New York, New York County,
THE TRAVELER'S HOME AND MARINE    Index No. 654848/2017
INSURANCE COMPANY,

       Defendants.
-------------------------------------------------------------X

# PLAINTIFF'S MEMORANDUM OF LAW
# IN SUPPORT OF MOTION TO REMAND TO STATE COURT

**THE LANDAU GROUP, PC**
45 Rockefeller Plaza, Suite 2000
New York, New York 10111
(212) 537-4025

*Attorneys for Plaintiff Monique Zordan*

**TABLE OF CONTENTS**

**PAGE(S)**

TABLE OF AUTHORITY CITED ........................................................................ i

I.   INTRODUCTION. ................................................................................... 1

II.  PROCEDURAL HISTORY OF CASE. .................................................. 1

III. FACTUAL BACKGROUND. .................................................................. 2

IV.  ARGUMENTS. .......................................................................................... 3

   A. This Court Does Not Have Original Jurisdiction Over Plaintiff's Case. ........................................................... 3

   B. Diversity Does Not Exist Between The Parties, And Therefore, A New York State Court Has Personal Jurisdiction Over Defendant Traveler's, And Plaintiff's Case. ................. 4

   C. New York's Long Arm Statute Also Confers Personal Jurisdiction Over Defendant Traveler's. ....................................... 7

   D. The Present Situation Warrants Awarding Plaintiff Costs And Reasonable Attorney Fees Relating To Her Motion To Remand. ................................................................ 8

V.  CONCLUSION/RELIEF REQUESTED. ................................................ 9

**TABLE OF AUTHORITY CITED**

| CASES | PAGE(S) |
|---|---|
| *Adams v. Bodum*, 208 A.D.2d 450, 451, 617 N.Y.S.2d 316 (1st Dept.1994) | 8 |
| *Bearoff v. DeMedio*, 1994 WL 114890 (E.D.Pa.1994) | 9 |
| *Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir.1990) | 4 |
| *Daimler AG, v. Bauman*, 134 S.Ct. 746, 754 (2014) | 4, 7 |
| *In Kernan v. Kurz–Hastings, Inc.*, 175 F.3d 236 (2nd Cir. 1999) | 8 |
| *Ingemi v. Pelino & Lentz*, 866 F.Supp. 156, 163 (D. NJ 1994) | 9 |
| *Jones v. LaBofa A/S*, 1997 WL 642468 (N.D.N.Y.1997) | 8 |
| *Kappas v. T.W. Kutter, Inc.*, 192 A.D.2d 402, 596 N.Y.S.2d 361 (1st Dept.1993) | 8 |
| *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) | 4 |
| *Thompson v. Nishimoto Trading Co.*, 689 N.Y.S.2d 858 (1st Dept.1999) | 8 |
| *Wisconsin Dept. of Corrections, v. Schacht*, 524 US 381, 386 (1998) | 3 |

**STATUTES**

| | |
|---|---|
| CPLR §302(a) | 7 |
| McKinney's Insurance Law § 1607 | 7 |
| 28 U.S.C. § 1331 | 3 |
| 28 USC 1332 | 1 |
| 28 U.S.C. § 1441(a); | 3 |
| 28 USC §1446 | 1 |
| 28 USC §1447 | 1, 8-9 |

**SECONDARY AUTHORITY**

| | |
|---|---|
| URL: https://www.bloomberg.com/research/stocks/private/snapshot.asp?privcapId=392856 | 6 |
| URL: https://www.travelers.com/about-travelers | 6 |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MONIQUE ZORDAN,

       Plaintiff,

                                    Hon. Analisa Torres
                                    Case No. 1:17-cv-06121 (AT)

- against -

                                    Removed from the Supreme Court of the
                                    State of New York, New York County,
THE TRAVELER'S HOME AND MARINE      Index No. 654848/2017
INSURANCE COMPANY,

       Defendants.
------------------------------------------------------------X

**MEMORANDUM OF LAW
IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND TO STATE COURT**

Plaintiff Monique Zordan ("Plaintiff" or "Ms. Zordan") respectfully files this Memorandum of Law in support of her Motion to Remand to State Court, against Defendant The Traveler's Home and Marine Insurance Company ("Defendant" or "Traveler's"), pursuant to 28 USC §1446 and 28 USC §1447, for the following reasons:

### I.    INTRODUCTION.

Contrary to the Defendant's contentions, as asserted in their Notice of Removal, this Court does <u>not</u> have original jurisdiction over pursuant to 28 USC 1332. Therefore, this matter must be remanded back to the New York County Supreme Court, from where it came.

### II.    PROCEDURAL HISTORY OF CASE.

Plaintiff filed her instant complaint in the New York County Supreme Court on or about July 17, 2017. On or about August 4, 2017, counsel for Traveler's accepted service on behalf of said Defendant. Initially, Plaintiff sued two corporate entities, The Traveler's Companies, Inc., and The Traveler's Home and Marine Insurance Company. On or about August 4, 2017, the parties

1

entered into a stipulation to dismiss The Traveler's Companies, Inc., from this lawsuit, without prejudice, and the case caption was deemed amended, accordingly. On or about August 14, 2017, Defendant Traveler's filed its Notice of Removal, for which Plaintiff Motion contests, and seeks a remand back to state court.

### III.    FACTUAL BACKGROUND.

The instant case involves an insurance coverage dispute concerning Defendant Traveler's Home and Marine Insurance Company coverage of Plaintiff's personal property, located within her New York residence, where she has resided since 2011. Attached hereto as **Exhibit One** is a true copy of Plaintiff's Complaint (hereafter, "Compl. ¶ __"). See Compl., ¶ 5-6.

In their Notice of Removal, Defendant Traveler's states:

"Plaintiff is now, and at the time the action was commenced, a citizen of the State of New York residing at 75 Wall Street, New York, New York. The property damage alleged in Plaintiff's complaint was purportedly to certain personal property located at 75 Wall Street, New York, New York." (**Ex. 2:** Notice of Removal, ¶ 4; see also Compl. ¶ 5-7)

Plaintiff's insurance contract with Traveler's is also addressed to Plaintiff's New York City address, and the cover letter of said policy indicates that Traveler's has been providing insurance for over 125 years. (**Exhibit Three.**) Further, all communications Plaintiff had with Traveler's representative, and insurance adjuster, in regards to the instant claim, took place out of a New York office, maintained by Traveler's. Mr. Fischetti's (Traveler's representative) letterhead even indicates a New York address. (See Compl. ¶ 19-22) Attached hereto as **Exhibit Four** is Mr. Fischetti's Denial Letter, of Plaintiff insurance claim. Further, in her Complaint, Plaintiff alleged that she was a citizen of the State of New York, residing at 75 Wall Street, in lower Manhattan, New York, New York; and that Venue was proper in the New York County Supreme Court pursuant to CPLR 503 based on her residence, and where Defendant maintains an office, and had a principal place of business. Compl. ¶ 2-3. Likewise, in her Complaint, Plaintiff

2

alleged that jurisdiction was proper in the New York County Supreme Court pursuant to CPLR 301. Compl. ¶ 4. Further, in her Complaint, Plaintiff alleged that her insurance policy with Traveler's cost her over $1,000.00 a year, and was obtained by her from Traveler's, solely to insure her personal property, in the event of loss or damage. Compl. ¶ 7.

Notwithstanding the foregoing, Defendant contends, in pertinent part, as follows in its Notice of Removal:

- Defendant Travelers is now and was at the time the action was commenced a citizen of the State of Connecticut. Travelers is a foreign corporation organized, formed and incorporated under the laws of Connecticut with its principal place of business located at One Tower Square, Hartford, Connecticut. (Notice of Removal, ¶ 5.)

- Accordingly, this Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332. (Notice of Removal, ¶ 8.)

- WHEREFORE, since all of the prerequisites for diversity jurisdiction are present, Travelers respectfully requests that this action proceed in the United States District Court for the Southern District of New York as an action properly removed to it. (Notice of Removal, p. 3.)

### IV.     ARGUMENTS.

**A. This Court Does Not Have Original Jurisdiction Over Plaintiff's Case.**

The governing provision of the federal removal statute authorizes a defendant to remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a); see *Wisconsin Dept. of Corrections, v. Schacht*, 524 US 381, 386 (1998). The language of this section obviously permits the removal of a case that contains only claims that "arise under" federal law. *Id*. That is because a federal statute explicitly grants the federal courts "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331. *Wisconsin Dept. of Corrections, v. Schacht*, 524 US at 386.

The instant case, however, does <u>not</u> arise under any federal statute, or under the Constitution,

3

laws or treaties of the United States. Instead, the instant case, is standard insurance coverage dispute, involving insurance coverage for personal property located in a Manhattan, New York apartment, where the insured, Plaintiff, resides and is domiciled, and which is the subject of the insurance policy between the parties.  Consequently, under these straightforward circumstances, this case, does not fall within a federal district court's original diversity jurisdiction. See *Wisconsin Dept. of Corrections, v. Schacht*, 524 US 381, 388 (1998) (internal citations omitted) ("A case falls within the federal district court's 'original' diversity 'jurisdiction' only if diversity of citizenship among the parties is complete, i.e., only if there is no plaintiff and no defendant who are citizens of the same State." As the forgoing illustrates, Defendant's contention that this Court has original jurisdiction under 28 USC 1332,  lacks merit.

**B. Diversity Does Not Exist Between The Parties, And Therefore, A New York State Court Has Personal Jurisdiction Over Defendant Traveler's, And Plaintiff's Case.**

When a plaintiff files a motion to remand, the defendant bears the burden of proving that the court has jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

"The removal statutes `are to be strictly construed against removal and all doubts should be resolved in favor of remand.'" *Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir.1990). The party seeking removal bears the "heavy burden" of demonstrating the existence of federal jurisdiction. *Id*.

A court may assert general jurisdiction over foreign sister-state or foreign-country corporations to hear any and all claims against them when their affiliations with the State are so continuous and systematic as to render them essentially at home in the forum State. *Daimler AG, v. Bauman*, 134 S.Ct. 746, 754 (2014).  A corporation can purposefully avail itself of a forum by directing its agents or distributors to take action there. *Id* at 760-761.

"For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile; for a corporation, it is an equivalent place, one in which the corporation is fairly regarded as at home." *Daimler AG*, 134 S.Ct. at 761.

4

In the instant case, as stated in Plaintiff's Complaint, and in Defendant's Notice of Removal, Plaintiff is presently, and was at the time the instant action was commenced, a citizen of the State of New York, residing at 75 Wall Street, in lower Manhattan, New York. Plaintiff's insurance policy with Traveler's is to insure her personal property located within her Manhattan apartment; the policy was addressed to this apartment by Traveler's; the issues involved in the case concern an insurance contract under New York law, and personal property located within New York, and under New York state contract law and insurance law. Therefore, Defendant Traveler's is a corporation that may be "fairly regarded as at home" in New York, given its continuous and systematic business presence throughout New York; insuring people and businesses throughout New York, and writing thousands of polices thereto. Likewise, Defendant Traveler's purposefully availed itself of a New York state court forum, given the foregoing, and based upon the actions of its agents and representatives in New York.

Here, the Defendant apparently directed its agents to deny Plaintiff's claim. Said action and communications relative to Plaintiff's claim was taken by the Defendant's agent from a <u>New York office</u>. See **Exhibit Four**.

It is therefore disingenuous for Defendant to now contend - forcing Plaintiff to incur substantial costs and attorney fees seeking a remand - that it is not subject to the jurisdiction of a New York state court. If Defendant Traveler's wants to do business in New York, especially in selling insurance policies, then they should correspondingly, be subject to a New York state court.

Notwithstanding the foregoing, in their Notice of Removal, Defendant claims as follows:

"While there is a parent company by the name of "The Travelers Companies, Inc." (four levels removed from defendant, and incorporated under the laws of Minnesota with its principle place of business in New York), said company does not issue insurance policies and, hence, did

5

not issue any insurance contract potentially relevant to the insurance claim that is the subject of this action." (Notice of Removal, FN 1, p. 2.)

Based on their website, and **Ex. 3,** this representation from Traveler's counsel appears to be inaccurate, if not an outright misrepresentation, as demonstrated by the following:

"We are an insurance company that cares. Travelers takes on the risk and provides the coverage you need to protect the things that are important to you – your home, your car, your valuables and your business – so you don't have to worry. We have been around for more than 160 years and have earned a reputation as one of the best property casualty insurers in the industry because we take care of our customers. Our expertise and focus on innovation have made us a leader in personal, business and specialty insurance and the only property casualty company in the Dow Jones Industrial Average. Every day, our approximately 30,000 employees and more than 20,000 independent agents and brokers in the United States, Canada, the United Kingdom, Ireland and Brazil help provide peace of mind so our customers can reach higher and achieve more." URL: https://www.travelers.com/about-travelers.

Here, Defendant Traveler's accepted service in this matter from a New York office, its name is The Traveler's Home and Marine Insurance Company, its address is in New York, and it has the same exact logo found on Traveler's website. For instance, below is the letterhead sent by Traveler's in its denial to Plaintiff's claim (from a New York office):



Defendant Traveler's parent company, is headquartered in New York City at: 485 Lexington Avenue, New York, NY 10017. URL: https://www.bloomberg.com/research/stocks/private/snapshot.asp?privcapId=392856, and its corporate logo, is as follows:

    See URL: https://www.travelers.com/.

Even if Defendant Traveler's parent company had nothing to do with the instant Defendant's business, which is unlikely, the foregoing plainly establishes that Defendant Traveler's "affiliations with the State of New York are so 'continuous and systematic' as to render [it] essentially at home in the forum State." *Daimler AG, v. Bauman*, 134 S.Ct. at 761. Further, to the extent that Defendant Traveler's is not actually "Traveler's" but a subsidiary of another entity, possibly named "Traveler's", then this is misleading and deceiving, potentially violates McKinney's Insurance Law § 1607 ("The name of any corporation which is a subsidiary of a domestic insurance company shall not be such as to mislead or deceive the public.")

**C. New York's Long Arm Statute also confers personal jurisdiction over Defendant Traveler's.**

CPLR §302(a), states as follows:

"[A] court may exercise personal jurisdiction over any non-domiciliary, or his executor or administrator, who in person or through an agent:

1. transacts any business within the state or contracts anywhere to supply goods or services in the state; or
2. commits a tortious act within the state, except as to a cause of action for defamation of character arising from the act; or
3. commits a tortious act without the state causing injury to person or property within the state, except as to a cause of action for defamation of character arising from the act, if he

Here, Defendant clearly satisfies every subsection of CPLR 302(a), and cannot reasonably argue that a New York State Court does not have personal jurisdiction, especially considering Defendant is one of the largest sellers of insurance in the country, and insure people throughout New York. It is absurd for Defendant to now claim it is not subject to a New York state court, when they sold insurance to Plaintiff in New York, for personal property located in New York, and denied Plaintiff's claim from a New York office.  The Defendant's enjoys

7

substantial revenues from myriad New York residents, however, now conveniently wishes to be exempt from New York laws in a state court.

There is ample precedent for finding jurisdiction under New York's long-arm statute in this case. *In Kernan v. Kurz–Hastings, Inc.*, 175 F.3d 236 (2nd Cir. 1999), the Second Circuit upheld long-arm jurisdiction over a Japanese manufacturer whose machine was sold to a New York plaintiff by a Pennsylvania company. The manufacturer in that case was not licensed or registered to do business here, and had no history of ever directly transacting or soliciting business in New York. Nonetheless, citing two First Department cases, the Circuit Court found the manufacturer's oral agreement with the Pennsylvania distributor, who it knew operated on a nation-wide basis, made it "reasonably foreseeable" that the manufacturer's machines would end up in New York. *Kernan,* 175 F.3d at 242 (citing *Adams v. Bodum*, 208 A.D.2d 450, 451, 617 N.Y.S.2d 316 (1st Dept.1994) (manufacturer's exclusive distributorship with co-defendant distributor, covering entire country, made purchases in New York a reasonable expectation); *Kappas v. T.W. Kutter, Inc.*, 192 A.D.2d 402, 596 N.Y.S.2d 361 (1st Dept.1993) ("activities of a representative of a non-domiciliary in New York will be attributed to the non-domiciliary for the purpose of long-arm jurisdiction")). See also *Thompson v. Nishimoto Trading Co.*, 180 Misc.2d 466, 689 N.Y.S.2d 858 (Sup.Ct. New York Co.1999) (Japanese manufacturer with no other contacts to New York but nationwide distributorship agreement with co-defendant is amenable to long-arm jurisdiction for products liability); *Jones v. LaBofa A/S*, 1997 WL 642468 (N.D.N.Y.1997).

### D. The Present Situation Warrants Awarding Plaintiff Costs And Reasonable Attorney Fees Relating To Her Motion To Remand.

The present situation warrants awarding plaintiff costs and reasonable attorney fees relating to her motion for remand. The remand statute explicitly authorizes such an award as within the

court's discretion. 28 U.S.C. § 1447(c). A district court will generally exercise its discretion to impose such costs where a well-plead complaint raises the issue of non-removability. *Ingemi v. Pelino & Lentz*, 866 F.Supp. 156, 163 (D. NJ 1994); *Bearoff v. DeMedio*, 1994 WL 114890 (E.D.Pa.1994). As in *Ingemi*, it is clear in the instant case, from the face of Plaintiff's complaint – as well as Defendant's Notice of Removal - "that Plaintiff asserted a claim against non-diverse defendants". See, *Ingemi, supra* at 163.

> "Any attorney reviewing the complaint was on notice that this claim, if colorable, defeated federal court jurisdiction and could not be resolved without a fact-intensive investigation into the New Jersey defendants' representation of plaintiff." *Id*.
>
> "In the interest of judicial economy, the most efficient and cost-effective way to resolve whether the New Jersey defendants were properly named in the suit was for the New Jersey defendants to move to dismiss the complaint against them in state court. If the New Jersey defendants wished to test their legal theory that they were truly nominal defendants, they should have done so while in state court, the more appropriate forum in which to resolve issues of state law. See *Yedla v. Electronic Data Systems*, 764 F.Supp. 90 (E.D.Mich., S.D.1991). Moreover, if the New Jersey defendants had litigated this question in state court, the district court would not have expended valuable time. Defendants' diligence and foresight would have eliminated the legal costs associated with plaintiff's motion to remand that they must now bear." *Ingemi, supra* at 163.
>
> "Thus, plaintiff's request for reasonable attorney fees and costs relating to the motion to remand is granted. Plaintiff should submit forthwith an itemized statement of expenses and attorney fees incurred in filing and defending this motion to remand." *Id*.

A very similar situation as was presented in *Ingemi* is present in the instant case, and therefore, this Court should award Plaintiff's request for reasonable attorney fees and costs relating to this motion to remand pursuant 28 U.S.C. § 1447(c).

V.   **CONCLUSION/RELIEF REQUESTED.**

Based on the foregoing, Plaintiff respectfully requests, that her Motion to Remand be granted in its entirety, and that this matter be remanded back to the state court from which it came, pursuant to 28 USC 1446. Plaintiff further prays that this Court award Plaintiff reasonable attorney fees and costs pursuant 28 U.S.C. § 1447(c).

Dated: New York, New York
September 1, 2017

Respectfully submitted,

**THE LANDAU GROUP, PC**

_____
Kevin A. Landau
45 Rockefeller Plaza, Suite 2000
New York, New York 10111
(212) 537-4025
kevin@thelandaugroup.com

*Attorneys for Monique Zordan*

10